

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| GERALD SPENCER, <br>     Employee, <br> v. <br> NATIONAL STATE PARK <br> CONCESSION d/b/a CADES COVE <br> RIDING STABLE, <br>     Employer, <br> and <br> LIBERTY MUTUAL INSURANCE <br> COMPANY, <br>     Carrier. | Docket No.: 2015-03-0899 <br><br> State File Number: 100267-2015 <br><br> Judge Lisa Lowe Knott |

## EXPEDITED HEARING ORDER DENYING
## TEMPORARY DISABILITY AND MEDICAL BENEFITS

This matter came before the undersigned workers' compensation judge on June 28, 2016, on the Request for Expedited Hearing filed by the employee, Gerald Spencer, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issues are: (1) whether Mr. Spencer sustained an injury to his right knee and/or his right hip/back arising primarily out of and in the course and scope of his employment with the Employer, National State Park Concession d/b/a Cades Cove Riding Stables; (2) the date of and notice of alleged injuries; and (3) whether Mr. Spencer is entitled to medical and temporary disability benefits. For the reasons set forth below, the Court finds that Mr. Spencer's request for medical and temporary disability benefits related to his right knee injury is denied and his request for medical treatment related to his right hip/back/myofascial pain is granted, but his request for temporary disability benefits for same is denied.[1]

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

## History of Claim

Mr. Spencer is a forty-seven-year-old resident of Knox County, Tennessee. National State Park Concession d/b/a Cades Cove Riding Stables (CCRS) employed Mr. Spencer initially as a cashier and then later as a horse wrangler. Mr. Spencer held seasonal positions with CCRS from 2012 through 2015. CCRS currently lists Mr. Spencer as an inactive employee. His last date as an active employee was August 17, 2015.

Mr. Spencer acknowledges pre-existing bi-lateral knee conditions. He previously obtained diagnostic testing and injections in both knees. Dr. Edwin Holt, Ortho Tennessee, performed right knee surgery on May 15, 2015. Due to the physical aspect of Mr. Spencer's job duties, Dr. Holt did not release him to return to work without restrictions until July 1, 2015. (Ex. 8.)

Mr. Spencer alleged that on August 1, 2015, he was removing the saddle from his assigned horse, when a co-worker named Nick Coppenger let his horse loose in the barn. This action spooked Mr. Spencer's horse, which threw him against a wall and knocked him to the ground. Mr. Spencer alleged he sustained injuries to his right knee and hip.[2] Mr. Ronald Lee, General Manager of CCRS, stated in his affidavit that he did not receive written or oral notification of the injury from Mr. Spencer. CCRS disputed that the alleged incident occurred on August 1, 2015, as records reflect Mr. Spencer and Mr. Coppenger last worked together in July 2015.

Mr. Spencer filed a Petition for Benefit Determination (PBD) seeking temporary disability and medical benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). Mr. Spencer filed a Request for Expedited Hearing.

At the Expedited Hearing, Mr. Spencer did not dispute his pre-existing right knee condition. Mr. Spencer claimed he spoke with Mr. Lee about his prior right knee surgery; that he did six weeks of physical therapy; and Dr. Holt released him to return to work with no restrictions on July 1, 2015. Mr. Spencer testified he knew the alleged incident at work occurred on a Sunday. He was not sure of the exact date but believed it to be August 1 or August 2, 2015.

Mr. Spencer testified he reported the injury to his managing supervisor, Edward Kirkland, on the day it happened. At the Expedited Hearing, Mr. Kirkland testified he was present in the tacking room when the incident occurred. He "heard a ruckus" and saw a horse go running through the hallway where Mr. Spencer was working. Mr.

---

[2] In his closing argument, Mr. Spencer referenced additional injuries to his foot and ankle. However, his PBD only referenced right knee and hip injuries.

2

Kirkland testified he entered the stall area and saw Mr. Spencer on the ground. He helped Mr. Spencer get up. Mr. Kirkland stated Mr. Spencer said at that time he was not feeling well. Mr. Kirkland did not remember the exact date of the incident. Mr. Kirkland testified that after Mr. Spencer's right knee surgery, he returned to work and was doing a good job, but after this incident, Mr. Spencer was limping or "walking funny" and having difficulties doing his job.

Mr. Spencer testified he attempted to return to Dr. Holt but was unable to schedule an appointment because he owed Dr. Holt money for past treatment. He underwent an MRI at the VA hospital, which revealed a small meniscal tear. (Ex. 11.) CCRS ultimately authorized Dr. John Harrison to evaluate Mr. Spencer's right knee and right hip. (Ex. 14.)

CCRS countered that: Mr. Spencer did not give proper written notice of his alleged injury; the injury did not occur on August 1, 2015; and there is no medical proof establishing Mr. Spencer's right knee injury arose primarily out of and in the course and scope of his employment.

### Findings of Fact and Conclusions of Law

Because this case is in a posture of an Expedited Hearing, Mr. Spencer need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which the court can determine that he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

To be compensable under Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(14) (2015). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015).

### *Date of and Notice of Injury*

Mr. Spencer testified the injury occurred on a Sunday but could not recall the exact date. He explained with specificity that he was removing the saddle from his assigned horse when Mr. Coppenger spooked his horse. His horse threw him against a wall and he fell. There is a dispute as to the exact date of injury, since Mr. Spencer

3

alleged it occurred on August 1, 2015, and Mr. Lee testified Mr. Spencer and Mr. Coppenger last work together in July 2015. Under Tennessee Code Annotated section 50-6-201(a)(1) (2015), an injured employee shall give written notice of the injury to an employer who has no actual notice. Regardless of whether the incident occurred in July or August 2015, Mr. Kirkland's testimony established he was Mr. Spencer's managing supervisor at the time of the incident and he had actual knowledge of the incident on the day it occurred. CCRS's actual knowledge of the incident relieved Mr. Spencer of the obligation to provide written notice.

*Causation*

An injury "arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015).

CCRS authorized Dr. John Harrison to evaluate Mr. Spencer's alleged right knee and hip injuries. Regarding Mr. Spencer's knee injury, Dr. Harrison stated, "Based on today's assessment, I cannot state with any medical certainty that [Mr. Spencer's] alleged work injury of 8/01/2015 contributed to more than 50% of [his] ongoing knee problems. Review of prior medical records indicates that this patient's knee problems have been longstanding and preceded his alleged work injury." (Ex. 14.)

Regarding Mr. Spencer's hip injury, Dr. Harrison stated the following:

He is advised that his accident did not cause any significant hip pathology. It is likely to persist. His ongoing symptoms in my opinion maybe more related to a gluteal contusion or some underlying back problem. The patient is reassured that he will require no surgery on his hip. The patient reports that he is done with trail riding and does not wish to risk trying to get back into this. It is my opinion that the patient's current complaints do not appear to be related in any way to any type of significant hip pathology. His current complaints are more myofascial in nature. In the absence of any history of such complaints prior to his accident and assuming his history to be truthful and accurate, *I would conclude that his current myofascial complaints are likely than not to be related to his work injury of August 1, 2015.* The patient on repeat questioning states he had had no prior problems with pain in the gluteal area or lower back or hip region prior to his accident of 8/01/2015. He is reassured that the hip joint itself on the left greater than right is in no need of surgical intervention at this time. It appears more likely than not that his gluteal pain may be more back related than anything related to his his joints themselves. The patient will continue with a home exercise program. He is released again to be

4

seen [as needed].

(Emphasis added.) *Id.*

Mr. Spencer provided evidence that Dr. Holt released him without restrictions from his prior knee surgery and he returned to work. However, he did not introduce a medical opinion to refute Dr. Harrison's opinion that the work injury did not contribute more than fifty percent to his right knee problem. Therefore, as a matter of law, Mr. Spencer has not come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits with regard to his alleged right knee injury. As a result, it is not necessary for the Court to address Mr. Spencer's claim for temporary disability benefits related to his alleged right knee injury.

In contrast, CCRS did not introduce a medical opinion to refute Dr. Harrison's opinion that Mr. Spencer's current myofascial complaints are more likely than not related to the work injury. Therefore, Mr. Spencer has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits with regard to his hip/back/myofascial pain. Dr. Harrison did not recommend any treatment (other than a home exercise program) for Mr. Spencer's myofascial pain and released him to return as needed. With regard to his claim for temporary disability benefits, Mr. Spencer did not provide a medical opinion to establish he was unable to work as a result of his myofascial pain. Therefore, he has not established that he is entitled to temporary disability benefits due to his hip/back/myofascial injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Spencer's claim against Cades Cove Riding Stable and its workers' compensation carrier for the requested medical and temporary disability benefits related to his alleged right knee injury is denied at this time.

2. Cades Cove Riding Stable shall allow Mr. Spencer to return as needed to Dr. Harrison for reasonable, necessary, and related treatment for his hip/back/myofascial pain. Mr. Spencer's claim for temporary disability benefits related to his hip/back/myofascial pain is denied at this time.

3. This matter is set for an Initial (Scheduling) Hearing on **Wednesday, September 7, 2016, at 9:00 A.M. Eastern Time**.

**ENTERED** this the 6th day of July, 2016.

_Lisa Lowe Knott_

**Judge Lisa Lowe Knott**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Lisa Lowe Knott, Court of Workers' Compensation Claims. You must call 865-594-0109 or toll-free at 855-383-0003 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice

6

of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
- EXHIBIT 1: Affidavit of Gerald Spencer;
- EXHIBIT 2: Affidavit of Ronald Lee;
- EXHIBIT 3: Affidavit of Jessica Parker;
- EXHIBIT 4: NSPC Riding Stables at Cades Cove August 2015 Accident Report Log;
- EXHIBIT 5: NSPC Employee Work Schedule;
- EXHIBIT 6: Gerald Spencer's Work Schedule, as prepared by Ronald Lee;
- EXHIBIT 7: Wage Statement, Form C-41 (for identification only);
- EXHIBIT 8: Medical Records of Dr. Edwin Holt, Ortho Tennessee (bate-stamped 01-17);
- EXHIBIT 9: Medical Records of University of Tennessee Medical Center (bates-stamped 18-20)
- EXHIBIT 10: Medical Records of University Orthopaedic Surgeons (bates-stamped 21-23);
- EXHIBIT 11: Medical Records from Department of Veterans Affairs;
- EXHIBIT 12: Tennessee Department of Labor and Workforce Development, Division of Employment Security, Time Sensitive Request for Separation Information;
- EXHIBIT 13: Tennessee Department of Labor and Workforce Development, Employment Security Division, Decision of Appeals Tribunal;
- EXHIBIT 14: Medical Records of Dr. John E. Harrison, Tennessee Orthopedic Clinics;
- EXHIBIT 15: Written Accident Report, Incident on November 6, 2013;
- EXHIBIT 16: Letter from Dr. Edwin Holt, June 3, 2016;
- EXHIBIT 17: Discharge Summary from Ortho Tennessee, August 6, 2015;
- EXHIBIT 18: Form I-9, Employment Eligibility Verification;
- EXHIBIT 19: Gerald Spencer's Pay Stub, July 18, 2016;
- EXHIBIT 20: Gerald Spencer's Work Scheduled, as prepared by Ronald Lee (duplicate of Exhibit 6);
- EXHIBIT 21: Gerald Spencer and Nicholas Coppenger's Coinciding Work Schedule from March 2015 through November 2015, as prepared by Ronald Lee;
- EXHIBIT 22: Cades Cover Riding Stables Accident Report Log, August 2015; and
- EXHIBIT 23: Telephone Statement of Edward Kirkland, as prepared by Ronald Lee.

Technical record:[3]

1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing;
4. Employer's Motion for Continuance;
5. Employer's Position Statement;
6. Employee's Response to Motion for Continuance;
7. Order Denying CCRS's Motion for Continuance;
8. Employee's Request for Statements;
9. Employer's Motion to Quash Gerald Spencer's Subpoena for Witness Statements;
10. Subpoena for Edward Kirkland;
11. Subpoena for Cades Cove Riding Stables;
12. Subpoena for Liberty Mutual Insurance Company;
13. Order Granting Employer's Motion to Quash;
14. Employee Motion to Quash Employer's Request for All Medical Records from the Department of Veteran's Affairs;
15. Employer's Response to Employee's Motion to Quash Employer's Request for all Medical Records from the Department of Veteran Affairs;
16. Notice of Filing Affidavit of Jessica Parker;
17. Employer's Motion to quash Subpoena for Joe Lane to Testify at Expedited Hearing;
18. Medical Records Exhibit List;
19. Employee's Motion for a Hearing before the Judge Sooner than Later;
20. Order;
21. Employee's Filing of Doctor Notes;
22. Response to Employee's Motion for Hearing;
23. Employee's Response to Employer's Response to Motion for a Hearing;
24. Order Denying Mr. Spencer's Motion for Hearing Sooner Rather than Later; and
25. Order Setting Expedited Hearing.

---

[3] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of July, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Gerald Spencer, Self-Represented Employee | X | | X | Gerald Spencer 9003 C. Grayland Drive Knoxville, TN 37923 Gerryspencer123@yahoo.com |
| Eric Shen, Esq., Employer's Attorney | | | X | Eric.shen@libertymutual.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov